IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**UNITED STATES OF AMERICA**                                                                                       **RESPONDENT**

v.                              No. 4:13-cr-40029-SOH-BAB
                                No. 4:14-cv-4044

**KAIVEN WESLEY**                                                                                                          **MOVANT**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 14) filed herein by **KAIVEN WESLEY**, (hereinafter referred to as "Wesley"). Wesley is currently incarcerated at the Forrest City Medium Federal Correctional Institution, Forrest City, Arkansas. The Motion was referred for findings of fact, conclusions of law and recommendations for the disposition of the case. A Response was directed by the Court and has been filed. ECF No. 18. The Court has considered the entire record and as set out below recommends this Motion to Vacate, Set Aside, or Correct Sentence be **DENIED**.

**1. Procedural Background**:

On December 1, 1999, Wesley entered a guilty plea to distribution of cocaine base in the United States District Court for the Western District of Michigan. On December 31, 2000, Wesley was sentenced to 151 months imprisonment, 4 years supervised release, a $1,000 fine, and $100 special assessment. *See United States v. Wesley*, W.D.Mich. Case No. 1:99-cr-00147. The prison term was later reduced to 124 months and then again reduced to 110 months on April 8, 2008. *See id.*

Wesley began a term of supervised release on May 6, 2008. On February 18, 2010, the United States Probation Office (USPO) petitioned to revoke his supervised release alleging six violations of the conditions of release. On October 25, 2010, the court in the Western District of Michigan revoked his supervised release and sentenced him to 24 months imprisonment to be followed by 36 months of supervised release. *See id.*

Wesley began his second term of supervised release on July 17, 2012. Shortly thereafter, in August, the USPO again petitioned to revoke his release alleging he had terminated his stay at the Residential Reentry Center in Little Rock Arkansas. On September 2, 2012, the court in Michigan modified the conditions of Wesley's release, by ordering he be placed on electronic monitoring for a period of six months. *See id.*

The USPO again moved to revoke Wesley's supervised release on October 31, 2013. He was arrested in Hope, Arkansas on November 23, 2013. He made an initial appearance before the undersigned on November 25, 2013. ECF No. 1. Mr. John Pickett was appointed to represent Wesley. ECF No. 3. Jurisdiction over his supervision was transferred to the Western District of Arkansas on December 10, 2013. ECF No. 8.

On December 13, 2013, a revocation of supervision hearing was held before the Honorable Susan O. Hickey. ECF No. 10. Wesley was informed of his rights, the alleged violations, and the maximum possible penalties. He then entered a plea of true to violations 2, 3, and 4 of the Petition and was sentenced to 10 months imprisonment with credit for time served with no further supervised release. ECF No. 11.

Wesley was remanded to the custody of the U.S. Marshal for service of his sentence on December 13, 2013. ECF No. 10. On April 24, 2014, he gave notice of a change of address to a

county jail in Muskegon Michigan. ECF No. 17. On September 2, 2014, he again gave a change of address, indicating he was back in the custody of the Federal Bureau of Prisons. ECF No. 22-1. On September 18, 2014, Wesley was released. See http://www.bop.gov/inmateloc/ (Kaiven Wesley, Register No. 09809-040). He is no longer in Federal custody.

**2. Instant Petition**:

Wesley filed a timely Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255 on March 24, 2014. ECF No. 14. In his Motion, Wesley asserts the following claims for relief:

1. Counsel failed to file an appeal when requested;

2. The Court failed to consider his serious medical needs when imposing sentence; and

3. He is being deprived of adequate medical treatment while in prison.

The Government has responded the Motion and asserts all of these claims are meritless.

**3. Discussion**:

A § 2255 motion is fundamentally different from a direct appeal. The Court will not reconsider an issue, which was decided on direct appeal, in a motion to vacate pursuant to § 2255. *See United States v. Davis*, 406 F.3d 505, 511 (8th Cir. 2005); *Dall v. United States*, 957 F.2d 571, 572 (8th Cir.1992) ( "Claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255 ."). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

  a. <u>In Custody Requirement</u>: Section 2255 states in part: "A prisoner *in custody* under

sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . ." 28 U.S.C. § 2255(a).  However, the Supreme Court has held once the sentence has completely expired, the individual is no longer "in custody" for purposes of habeas corpus attack, even if that conviction has been used to enhance the sentence of a later conviction.  *See Maleng v. Cook*, 490 U.S. 488 (1989) (petition filed pursuant to 28 U.S.C. § 2254).  Here, there is nothing before the Court to indicate Wesley is still subject to any sort of confinement or supervision imposed by an Order of the Federal Courts.  The docket in this case shows Wesley has not informed the Court of his current address since he was released from the custody of the Federal Bureau of Prisons on September 18, 2014.  Simply put Wesley is no longer "in custody" for the purposes of a § 2255 proceeding.  Accordingly, the Court lacks jurisdiction to consider this Motion.

2. Claims Raised: Because the Court lacks jurisdiction to consider the relief sought here, I decline to address the merits of the claims raised by Wesley.  I note however, Mr. John Pickett, Wesley's counsel for the revocation hearing at issue, has submitted an affidavit stating unequivocally, Wesley was advised of his right to a direct appeal and failed to request such an appeal.

Based on the forgoing I find an evidentiary hearing is not required in this matter. The record conclusively shows the Court lacks jurisdiction to grant the relief Wesley seeks.[1]

---

[1] *See Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir.2006) (holding that a § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact).

**4. Recommendation**:

Accordingly, based on the foregoing, it is recommended the instant Motion be denied and dismissed. Further, pursuant to *28 U.S.C. §1915(a),* I recommend the finding that an appeal from dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED** this **3rd day of February 2015.**

      /s/ Barry A. Bryant
      HON. BARRY A. BRYANT
      U.S. MAGISTRATE JUDGE